The plaintiffs on the trial below produced a mortgage deed for this negro and other property, executed by John McGuire on 2 May, 1820, certified to be proved at July session of Burke County court (the first court after its execution) and registered 29 July, 1820; they then proved that they were the securities of McGuire to a large amount, and took the mortgage to secure themselves; when the deed was executed but one of the plaintiffs was present, to whom it was delivered. On the succeeding day McGuire delivered all the property to one of the plaintiffs, who left it in McGuire's possession. About two weeks after, one of the plaintiffs took the negro boy into his possession, and while thus situated defendant took him and sold him.
The defendant, who was sheriff of the county, produced a (56) judgment granted by a justice of the peace in favor of one Caldwell, on the 2 June, 1820, against John McGuire, execution thereon issuing on the same day, which defendant levied on, 4 June, 1820, upon the negro boy, and on the 28th sold him. Defendant had notice of the mortgage before and at the time of sale.
The jury was instructed that a delivery of the mortgage deed to one of the plaintiffs was a delivery to all; but as it was not registered within the time limited by law, viz., fifty days from its date, it must yield to liens created after its date and up to its registration; that the plaintiff's mortgage, not having been registered in time, could have no relation back, but acquired its efficacy from the date of its registration, so far, at any rate, as the liens created by the execution under which the defendant acted was concerned, and must give way to it.
Verdict for the defendant and judgment accordingly, and the cause was heard in this Court on a rule to show cause why a new trial should not be granted.
I think this case falls within Davidson v. Beard, 9 N.C. 520, and to that case I refer. Let the rule for a new trial be discharged.
In this judgment the CHIEF JUSTICE and Judge HENDERSON concurred. *Page 29 
(57)